IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID S. WRAGGS,<br><br>                 Plaintiff,<br><br>vs.<br><br>LOZIER CORPORATION,<br><br>                 Defendant. | 8:23CV436<br><br>**MEMORANDUM AND ORDER** |

Plaintiff, David Wraggs, filed a pro se employment discrimination claim against his former employer, the Lozier Corporation. He claims he was fired after he was called a racial slur at work and complained about it to human resources. The Court concludes his complaint states a plausible claim for relief under Title VII and survives initial review.

## SUMMARY OF THE COMPLAINT

Wraggs alleges he was subject to racial harassment at work and fired for complaining about it. Wraggs worked for Lozier as a forklift driver. Filing No. 1, ¶ 2. On March 3, 2021, "a manager" called him the N-Word. *Id.* ¶ 3. Wraggs complained to human resources and prepared a written complaint. *Id.* ¶ 5. Human resources did not act on his complaint. *Id.* ¶ 3. Instead, they placed him on suspension and terminated his employment. *Id.* ¶¶ 4–7. As Wraggs was escorted from the premises, his supervisor "aimed a kick at" his "backside." *Id.* ¶ 5. Wraggs alleges he was suspended and terminated because of his complaint. *Id.* ¶ 7. After his termination, Wraggs "exhausted his administrative remedies" and sued "under the 1964 Civil Rights Act." *Id.* ¶ 9.

## STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether

1

summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 569–70 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (quoting Hopkins v. Saunders, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." Topchian, 760 F.3d at 849 (internal quotation marks and citations omitted).

## ANALYSIS OF THE COMPLAINT

Wraggs's complaint states a plausible Title VII claim. Title VII protects employees from discrimination, retaliation, and workplace harassment.

42 U.S.C. § 2000e-2 addresses discrimination and provides an employer cannot "discharge any individual . . . because of . . . race . . . ." 42 U.S.C. § 2000e-3(a) addresses retaliation and provides an employer cannot "discriminate against any of his employees .

. . because he has opposed any practice made an unlawful employment practice by [Title VII] or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." Under Title VII, an employer cannot create a hostile work environment, meaning a "workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Jackman v. Fifth Jud. Dist. Dep't of Corr. Servs.*, 728 F.3d 800, 805 (8th Cir. 2013) (internal quotation marks and citation omitted), *abrogated on other grounds as recognized in Cole v. Grp. Health Plan, Inc.*, 105 F.4th 1110, 1114 n.1 (8th Cir. 2024).

Wraggs need not plead every element of his prima facia case of discrimination, retaliation, or hostile work environment to state a plausible claim for relief. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); *Warmington v. Bd. of Regents of Univ. of Minnesota*, 998 F.3d 789, 796 (8th Cir. 2021). But "elements of a prima facie case 'may be used as a prism to shed light upon the plausibility of the claim.'" *Id.* (quoting *Blomker v. Jewell*, 831 F.3d 1051, 1056 (8th Cir. 2016).

*Discrimination*: Wraggs's complaint states a plausible race discrimination claim. The prima facia case of discrimination is "(1) [Wraggs] belongs to a protected group; (2) []he was qualified for h[is] former job; (3) []he suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination."[1] *Id.* Here, based on the racialized nature of the incident described in the complaint, the Court infers Wraggs belongs to a protected group. Wraggs worked as a forklift operator at the time of his termination, suggesting he was qualified to perform that role. Lozier fired Wraggs, which

---

[1] The Court, at this preliminary juncture, uses the indirect evidence framework to analyze Wraggs's allegations. The Court does not decide whether this is the appropriate framework going forward.

3

is undoubtedly an adverse action. 42 U.S.C. § 2000e-2 (listing "discharge" motivated by a protected trait as a basis for liability). And Wraggs's allegations—that a manager called him a racial slur at work and Lozier fired him rather than investigating the manager—give rise to an inference of discrimination. So, the Court concludes he pled a plausible race discrimination claim.[2]

*Retaliation*: Wraggs likewise pled a plausible retaliation claim. "To establish a prima facie case of retaliation, a plaintiff must show that: (1) []he engaged in statutorily protected conduct; (2) []he suffered an adverse employment action; and (3) a causal connection exists between the two." *DePriest v. Milligan*, 823 F.3d 1179, 1187 (8th Cir. 2016) (internal quotations omitted). Here, Wraggs complained to human resources about the use of a racial slur in the workplace—a protected activity. *Sowell v. Alumina Ceramics, Inc.*, 251 F.3d 678, 864 (8th Cir. 2001). He was fired—an adverse employment action. And he alleges his human resources complaint was the reason for his termination. This allegation is not overly conclusory because it is buttressed by additional factual allegations that Wraggs was fired directly after making the complaint and human resources did not address the complaint. So, Wraggs pled a plausible retaliation claim.

*Hostile Work Environment*: Wraggs's complaint states a plausible hostile work environment claim. To succeed on this claim, Plaintiff must establish that "(1) [he] is a member of a protected class; (2) unwelcome harassment occurred; (3) there is a causal

---

[2] Certain allegations in the complaint suggest there may be more to the story. Filing No. 1, ¶ 6 ("Defendant's HR representative told Plaintiff he was suspended for threatening violence in the workplace, and this was the cause of the use of the racial slur."). This does not affect the plausibility of Wraggs's claim because "[a] plaintiff need only allege facts that permit the reasonable inference that the defendant is liable, even if the complaint strikes a savvy judge that actual proof of the facts alleged is improbable and recovery very remote and unlikely." *Norfolk & Dedham Mut. Fire Ins. Co. v. Rogers Mfg. Corp.*, 122 F.4th 312, 315 (8th Cir. 2024) (citations omitted). The true reason for Wraggs's firing is a merits issue for summary judgment or trial—not initial review.

nexus between the harassment and [his] protected-group status; (4) the harassment affected a term, condition, or privilege of [his] employment; and (5) [the employer] knew or should have known of the harassment and failed to take prompt and effective remedial action." *Jackman*, 728 F.3d at 805 (internal quotation marks and citation omitted). Here, Wraggs alleges an incident of racial harassment, in which he was called a racial slur and kicked by coworkers. The N-Word is a racial slur, supporting the inferences that Wraggs is a member of a protected class, and the harassment was racially motivated. The alleged harassment set into the motion the events that led to his termination, thereby affecting a term or condition of his employment. And Wraggs reported the harassment to Lozier, who failed to take remedial action. So, Wraggs pled a plausible hostile work environment claim.

\*   \*   \*

To summarize: Wraggs alleges a plausible Title VII claim, so his complaint survives initial review.

One loose end remains. It appears Wraggs attempted to file a notice of appearance on behalf of an attorney. But, under NeGenR 1.3(d), the attorney—not the client—is required to file a notice of appearance. *See also* NeGenR 1.3(i) ("Once an attorney is appointed or retained, all further documents and other communications with the court must be submitted through the attorney, unless the court permits otherwise."). So, if Wraggs is represented in this matter, his attorney should file an appropriate notice of appearance.

**CONCLUSION**

Upon review of Wraggs's Complaint under 28 U.S.C. §§ 1915(e) and 1915A, the Court concludes Wraggs alleged a plausible Title VII claim. His claim will be allowed to proceed to service of process as set forth below. However, the Court cautions Wraggs that this is only a preliminary determination based on the allegations found within the Complaint. This is not a determination of the merits of Wraggs's claims or potential defenses thereto.

THEREFORE, IT IS ORDERED:

1. This matter may proceed to service of process against Defendant Lozier Corporation.

2. To obtain service of process on Lozier Corporation, Plaintiff must complete and return the summons forms that the Clerk of Court will provide. The Clerk of Court shall send one summons form and one USM-285 form to Plaintiff, together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of Court. In the absence of the forms, service of process cannot occur.

3. Upon receipt of the completed forms, the Clerk of Court will sign the summons forms and forward them together with a copy of the Complaint, Filing No. 1, Amended Complaint, Filing No. 7, and a copy of this Memorandum and Order to the United States Marshals Service for service of process on Defendant Duncan Aviation, Inc.[3] Service may be accomplished by using any of the following

---

[3] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d)

methods: personal, residence, certified mail, or designated delivery service upon any officer, director, managing agent, or registered agent, or by leaving the process at Defendant's registered office with a person employed therein, or by certified mail or designated delivery service to Defendant's registered office. *See* Fed. R. Civ. P. 4(e), (h); Neb. Rev. Stat. § 25-509.01 (Reissue 2016).

4. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff. For service by certified mail or designated delivery service, the Marshals Service shall serve Defendants within ten days of the Clerk of the Court issuing and forwarding the summons to the Marshals Service. *See* Neb. Rev. Stat. § 25-505.01(1).

5. Fed. R. Civ. P. 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the Court's own motion, an extension of time until 90 days from the date of this order to complete service of process. The Clerk of Court shall set a case management deadline accordingly.

6. Plaintiff is hereby notified that failure to obtain service of process on the Defendant within 90 days of the date of this order may result in dismissal of this matter without further notice. A defendant has 21 days after receipt of the summons to answer or otherwise respond to a complaint.

7. Because this non-prisoner case is proceeding to service of process, and at the direction of the Court, this case is removed from the pro se docket. The Clerk of

---

is compulsory); Fed. R. Civ. P. 4(c)(3) (court must order that service be made by United States Marshal if plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915).

Court shall randomly assign new judges to this case and shall request a reassignment order from the Chief Judge.

8. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this Court.  Plaintiff shall keep the Court informed of his current address at all times while this case is pending.  Failure to do so may result in dismissal without further notice.

9. If Wraggs is represented by counsel, counsel shall file an appropriate notice of appearance.

Dated this 27th day of May, 2025.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge